FILED
APR 06 2015
RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDRE DANGERFIELD, | No. C 15-0396 LHK (PR) |
| Plaintiff, | ORDER OF SERVICE; DIRECTING DEFENDANTS TO FILE DISPOSITIVE MOTION OR NOTICE REGARDING SUCH MOTION; DIRECTING PLAINTIFF TO FILE NOTICE OF CURRENT ADDRESS AND INTENT TO PROSECUTE |
| v. | |
| DEPUTY NEU, et al., | |
| Defendants. | |

Plaintiff, a California state pretrial detainee proceeding *pro se*, filed this civil rights action under 42 U.S.C. § 1983. Plaintiff has been granted leave to proceed in forma pauperis in a separate order. For the reasons stated below, the court orders service upon the defendants and directs plaintiff to file a notice of current address and intent to prosecute.

## DISCUSSION

A. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2). *Pro se* pleadings must, however, be liberally construed. *See Balistreri v.*

*Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

B. Legal Claims

Plaintiff alleges that, while housed at the San Francisco County jail, Deputy Neu accused plaintiff of stealing a bike. Then, as Deputy Neu was escorting plaintiff from his cell to the interview room, Lieutenant Minor held onto plaintiff's legs as Deputy Neu slammed plaintiff's head into a table approximately four times. Liberally construed, plaintiff has stated a cognizable claim of excessive force against Deputy Neu and Lieutenant Minor.

Plaintiff also names Senior Deputy Brown as a defendant. A person deprives another of a constitutional right within the meaning of section 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. *See id.* at 633. Absent vicarious liability, each Government official, his title notwithstanding, is only liable for his or her own misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). A supervisor therefore generally "is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). Where there is no evidence that the supervisor was personally involved or connected to the alleged violation, the supervisor may not be liable. *See Edgerly v. City and County of San Francisco*, 599 F.3d 946, 961-62 (9th Cir. 2010). Here, plaintiff provides no facts to support a claim against Senior Deputy Brown. Accordingly, Senior Deputy Brown is DISMISSED with leave to amend.

C. Notice of Intent to Prosecute

On March 4, 2015, after plaintiff declined to consent to magistrate judge jurisdiction, this case was reassigned to the undersigned judge. (Docket No. 5.) On March 12, 2015, the

1  order or reassignment was returned to the court as undeliverable.

2  Pursuant to Federal Rule of Civil Procedure 41(b), a district court may *sua sponte*
3  dismiss an action for failure to prosecute or to comply with a court order. *See Link v. Wabash*
4  *R.R.*, 370 U.S. 626, 633 (1962); *McKeever v. Block*, 932 F.2d 795, 797 (9th Cir. 1991).
5  However, such a dismissal should only be ordered when the failure to comply is unreasonable.
6  *See id.* The court should afford the litigant prior notice of the court's intention to dismiss. *See*
7  *Malone v. United States Postal Serv.*, 833 F.2d 128, 133 (9th Cir. 1987). Furthermore, pursuant
8  to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an
9  action is pending must promptly file and serve upon all opposing parties a notice of change of
10 address specifying the new address. *See* Civil L.R. 3-11(a).

11 Accordingly, it is in the interests of justice and judicial efficiency for the court to
12 establish whether plaintiff intends to continue to prosecute this action. Plaintiff shall file a
13 notice of his current address, and his continued intent to prosecute no later than **twenty (20)**
14 **days** from the filing date of this order.

15 **Failure to do so will result in the dismissal of this action without prejudice for**
16 **failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure.** *See Malone*,
17 833 F.2d at 133.

18 **CONCLUSION**

19 1.  Plaintiff is directed to file a notice of his current address and his continued intent
20 to prosecute no later than twenty (20) days from the filing date of this order. Failure to do so
21 will result in the dismissal of this action without prejudice for failure to prosecute under Rule
22 41(b) of the Federal Rules of Civil Procedure.

23 2.  If plaintiff can cure the pleading deficiency regarding Senior Deputy Brown,
24 plaintiff shall file an AMENDED COMPLAINT within **thirty days** from the date this order is
25 filed. The amended complaint must include the caption and civil case number used in this order
26 (C 15-0396 LHK (PR)) and the words AMENDED COMPLAINT on the first page. Plaintiff
27 may not incorporate material from the prior complaint by reference. If plaintiff files an amended

28
Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Directing
Plaintiff to File Notice of Intent to Prosecute
P:\PRO-SE\LHK\CR.15\Dangerfield396srv.wpd

3

1  complaint, he must allege, in good faith, facts - not merely conclusions of law - that demonstrate
2  that he is entitled to relief under the applicable federal statutes.

3      3.    Plaintiff is advised that an amended complaint supersedes the original complaint.
4  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
5  in the amended complaint." *London v. Coopers & Lybrand*, 644 F.2d 811, 814 (9th Cir. 1981).
6  Defendants not named in an amended complaint are no longer defendants. *See Ferdik v.*
7  *Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

8      4.    The clerk of the court shall mail a Notice of Lawsuit and Request for Waiver of
9  Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint
10 and all attachments thereto (docket no. 1), and a copy of this order to **Deputy Neu** and
11 **Lieutenant** Minor at **the San Francisco County jail**. The clerk of the court shall also mail a
12 courtesy copy of the complaint and a copy of this order to the California Attorney General's
13 Office. Additionally, the clerk shall mail a copy of this order to plaintiff.

14     5.    Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure
15 requires them to cooperate in saving unnecessary costs of service of the summons and complaint.
16 Pursuant to Rule 4, if defendants, after being notified of this action and asked by the court, on
17 behalf of plaintiff, to waive service of the summons, fail to do so, they will be required to bear
18 the cost of such service unless good cause be shown for their failure to sign and return the waiver
19 form. If service is waived, this action will proceed as if defendants had been served on the date
20 that the waiver is filed, and defendants will not be required to serve and file an answer before
21 **sixty (60) days** from the date on which the request for waiver was sent. Defendants are asked to
22 read the statement set forth at the bottom of the waiver form that more completely describes the
23 duties of the parties with regard to waiver of service of the summons. If service is waived after
24 the date provided in the Notice but before defendants have been personally served, the Answer
25 shall be due **sixty (60) days** from the date on which the request for waiver was sent or **twenty**
26 **(20) days** from the date the waiver form is filed, whichever is later.

27     6.    No later than **sixty (60) days** from the date the waivers are sent from the court,
28

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Directing Plaintiff to File Notice of Intent to Prosecute
P:\PRO-SE\LHK\CR.15\Dangerfield396srv.wpd

4

defendants shall file a motion for summary judgment or other dispositive motion with respect to the cognizable claims in the complaint.

Any motion for summary judgment shall be supported by adequate factual documentation and shall conform in all respects to Rule 56 of the Federal Rules of Civil Procedure. **<u>Defendants are advised that summary judgment cannot be granted, nor qualified immunity found, if material facts are in dispute. If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the court prior to the date the summary judgment motion is due.</u>**

7.  Plaintiff's opposition to the dispositive motion shall be filed with the court and served on defendants no later than **twenty-eight (28) days** from the date defendants' motion is filed. Plaintiff is advised to read Rule 56 of the Federal Rules of Civil Procedure and *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) (holding party opposing summary judgment must come forward with evidence showing triable issues of material fact on every essential element of his claim).

8.  Defendants <u>shall</u> file a reply brief no later than **fourteen (14) days** after plaintiff's opposition is filed.

9.  The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the court so orders at a later date.

10. All communications by the plaintiff with the court must be served on defendants or defendants' counsel, by mailing a true copy of the document to defendants or defendants' counsel.

11. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order is required before the parties may conduct discovery.

12. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the court and all parties informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Directing Plaintiff to File Notice of Intent to Prosecute
P:\PRO-SE\LHK\CR.15\Dangerfield396srv.wpd

5

1  IT IS SO ORDERED.
2  DATED: 4/8/2015

                                            *Lucy H. Koh*
LUCY H. KOH
United States District Judge

Order of Service; Directing Defendants to File Dispositive Motion or Notice Regarding Such Motion; Directing Plaintiff to File Notice of Intent to Prosecute

6