**FILED**

JUN 17 2016

SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| ANDRE DANGERFIELD, | Case No. 15-cv-0396-LHK (PR) |
|---|---|
| Plaintiff, | **ORDER OF DISMISSAL** |
| v. | |
| DEPUTY NEU, et al., | |
| Defendants. | |

Plaintiff, a California state prisoner proceeding *pro se*, filed a civil rights complaint under 42 U.S.C. § 1983. On May 12, 2016, the court denied defendants' motion for summary judgment for failure to exhaust. In that same order, the court noted that plaintiff had not communicated with the court since October 15, 2015, and had not filed an opposition to defendants' motion for summary judgment. Plaintiff had previously been reminded by both the court and defense counsel of plaintiff's obligation to keep the court and all parties apprised of plaintiff's current address. The court also had reminded plaintiff that it was plaintiff's responsibility to prosecute this case. In light of plaintiff's lack of communication with the court, the court ordered plaintiff to file a notice of intent to prosecute within twenty days or face dismissal. More than twenty days have passed, and plaintiff has not responded.

Case No. 15-cv-0396-LHK (PR)
ORDER OF DISMISSAL

1

A district court may *sua sponte* dismiss an action for failure to prosecute or to comply with a court order pursuant to Federal Rule of Civil Procedure 41(b). *See Link v. Wabash R.R.*, 370 U.S. 626, 633 (1962). The court should consider five factors before dismissing an action under Rule 41(b): (1) the public interest in the expeditious resolution of the litigation: (2) the court's need to manage its docket; (3) the risk of prejudice to the defendant; (4) the availability of less drastic sanctions; and (5) the public policy favoring the disposition of actions on their merits. *See Malone v. United States Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987).

The first two factors weigh in favor of dismissal in light of the amount of time that has passed – approximately eight months – without plaintiff filing any pleading in this case, or otherwise communicating with the court. The third factor also weighs in favor of dismissal because plaintiff, having the burden to provide an excuse for his delay or failure to prosecute, has failed to rebut the presumption of prejudice. *See Nealey v. Transportation Maritima Mexicana, S.A.*, 662 F.2d 1275, 1280 (9th Cir. 1980) ("delay alone should not be deemed to create a presumption of prejudice, save in the sense that if the plaintiff proffers no pleading or presents no proof on the issue of (reasonableness), the defendant wins.") (internal quotation marks omitted). In addition, courts generally find prejudice to the opponent if a party disregards deadlines and the court's orders and warnings without justification. *See Malone*, 833 F.2d at 131. The fourth factor also weighs in favor of dismissal because the court explicitly warned plaintiff of the possibility of dismissal if he failed to prosecute, or comply with court orders. *See id.* at 132-33 (recognizing that case law suggests that warning a plaintiff that the failure to obey a court order will result in dismissal can satisfy the requirement that the court to consider less drastic alternatives to dismissal). With four out of five factors weighing in favor of dismissal, the court finds that dismissal is appropriate. *See Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002) (finding district court did not abuse its discretion in dismissing petition with prejudice where three of the five factors weighed in favor of dismissal).

In light of the foregoing, this case is hereby dismissed with prejudice for failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b). The clerk of the court shall close the file and terminate any pending motions.

2

Case No. 15-cv-0396-LHK (PR)
ORDER OF DISMISSAL

**IT IS SO ORDERED.**

Dated: 6/16/2016

_Lucy H. Koh_
LUCY H. KOH
United States District Judge